the company in ratifying this agreement, and directing the officers of the company to execute it, was valid; and that the defendants were entitled to judgment.

It follows that the judgment appealed from must be affirmed. with costs. All concur.

(103 App. Div. 388.)
## FLORSHEIM v. MUSICAL COURIER CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

**1. PLEADING—BILL OF PARTICULARS—DENIAL—RENEWAL OF MOTION—LEAVE.**

Where plaintiff's motion for a bill of particulars as to defendant's counterclaim was denied on the ground that a bill already served was sufficient, plaintiff was not thereafter entitled to again move for a bill of particulars except on leave granted for some substantial reason.

**2. SAME.**

In an action for breach of a contract employing plaintiff to furnish defendant letters from Germany for publication in a musical paper, defendant admitted the making and termination of the contract, and alleged a counterclaim for damages for plaintiff's breach. A bill of particulars specified that defendant was damaged, in that it was required to employ experts to rewrite the letters furnished by plaintiff, that the $10,000 damages set up in the counterclaim was made up of the expense of such employment and loss of defendant's business caused by plaintiff, that plaintiff received $500 for articles and notices which appeared in defendant's publication, and that defendant believed that there were other similar transactions, the particulars of which he was unable to give; and the second counterclaim demanded an accounting by plaintiff for money received. *Held*, that the bill of particulars was sufficient.

**3. SAME—ACCOUNTING.**

Where, in an action for breach of a contract of employment, defendant filed a counterclaim for an accounting as to moneys received, alleging one instance, and stating that there are others, the particulars of which he is unable to give, as the plaintiff would be compelled to file an account setting forth the amounts that he had received on account of defendant, no bill of particulars of the items for which plaintiff would be required to account should be required of defendant in advance of the trial.

Appeal from Special Term, New York County.

Action by Otto Florsheim against the Musical Courier Company. From an order requiring defendant to serve a further bill of particulars relating to its counterclaims, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Gilbert R. Hawes, for appellant.
Benno Loewy, for respondent.

INGRAHAM, J. The action was brought to recover the amount due upon a contract by which the plaintiff was employed to furnish to the defendant for publication in the Musical Courier letters from Berlin, in the empire of Germany, and for which the defendant agreed to pay the plaintiff $60 per week, and also to pay to the plaintiff commissions upon certain advertisements inserted in the defendant's publications. The contract was dated February 13, 1902, and on December 11, 1903, the defendant claimed that the plaintiff had

not complied with his contract, and gave him notice that he was no longer the representative or correspondent of the defendant, and refused to comply further with the contract. The defendant, in its answer, admits the making of the contract; that it sent to the plaintiff the letter severing the relations between the plaintiff and the defendant; and sets up two counterclaims. The first alleges the breach of the contract by the plaintiff, and that the defendant sustained damage thereby to the extent of $10,000. The second counterclaim alleges that the plaintiff had collected various sums of money on account of the defendant, of which he failed to inform the defendant, and which he never turned over to the defendant, the total amount of which the defendant is not able to state, and demands an affirmative judgment against the plaintiff for $10,000 damages, and that the plaintiff be required to account and pay over to the defendant any and all moneys received by him for or on account of the defendant since his connection with the defendant. The plaintiff interposed a reply to these counterclaims, which reply seems to have been served in March, 1904, whereupon, on the 19th day of March, 1904, the plaintiff served upon the defendant a demand for a bill of particulars in relation to his counterclaim, and on April 4, 1904, served a notice of motion requiring the defendant to serve said bill of particulars. The defendant served on the plaintiff on the 4th day of April, 1904, a bill of particulars, but this bill of particulars was returned by the plaintiff's attorney on the 11th of April, 1904, with a notice to the effect that it did not comply with the demand previously made. The motion for a bill of particulars then came on for argument at Special Term, and the court denied the motion upon the ground that the bill of particulars already served was sufficient, and that the plaintiff was not entitled to further particulars. An order in pursuance of this decision was entered on the 13th of May, 1904, a copy of which was duly served upon the plaintiff's attorney. No appeal was taken from that order. The plaintiff, however, on September 30, 1904, without obtaining leave to renew the motion which had been made and denied, served a notice of motion to require the defendant to serve a further bill of particulars. In answer to this motion the defendant interposed an affidavit, and objected to the motion upon the ground that it sought to compel the defendant to serve a further bill of particulars, which, upon a former application, had been denied by the court, and also claiming that the bill of particulars furnished was sufficient, and all that the plaintiff was entitled to.

We think this motion should have been denied upon the ground that the right of the plaintiff to a further bill of particulars had been disposed of upon the former application. The affidavits show that the question presented upon the former application was as to the sufficiency of the bill of particulars already furnished. The motion for the bill of particulars which was denied was apparently served upon the same day that the defendant had served the bill of particulars in response to the demand of the plaintiff, and which was subsequently returned to the plaintiff upon the ground that it did not comply with the demand. The question then submitted to

the court upon that motion was whether or not the bill of particulars furnished did comply with the demand, and whether the plaintiff was entitled to further particulars; and the court, in denying the plaintiff's motion, did so upon the ground that the bill of particulars already furnished was sufficient, and all that the plaintiff was entitled to. The question as to the right of the plaintiff to further particulars was, therefore, before the court, and was determined upon that motion; and, the plaintiff having failed to appeal from the order, the orderly administration of justice requires that the motion for a further bill of particulars could not be renewed unless some reason was shown which would give him a right to renew the application. The motion papers disclose no reason why the application for a further bill of particulars should be renewed, and no application to renew was made. A denial of a motion for relief of this character is an adjudication as to the right to the relief asked for. While the court has power to allow an application for such relief once denied to be renewed, such application must be based upon some substantial reason.

I also agree with the Special Term in denying the motion for a further bill of particulars. The bill of particulars furnished supplies all the information to which the plaintiff was entitled. The action being to enforce a contract, the defendant, to justify the termination of the contract, alleges that the plaintiff had failed to perform it on his part. The answer, in connection with the bill of particulars furnished, supplies the information as to the conduct of the plaintiff upon which the defendant relies to show a breach of the contract and a justification for its termination by the defendant. Considering the character of the contract and the work to be performed by the plaintiff, I think the statement of the bill of particulars is sufficient to show the nature of the defendant's claim upon which it based its right to terminate the contract to recover damages for the plaintiff's breach. The allegation that the services that the plaintiff rendered to the defendant under the contract were entirely useless, and without value, must be proved by the defendant, and the bill of particulars furnished specifies the facts by which the defendant will prove these allegations. The bill of particulars also specifies the amount of money paid by the defendant to rewrite and edit the letters furnished by the plaintiff for publication by the defendant. So far as the money damage is concerned, the bill of particulars furnished states that the defendant was compelled to employ two experts to rewrite and edit the letters which were received by the plaintiff, specifying the amount which was paid to these experts, and, further, that the $10,000 damages set forth in the counterclaim for which judgment is demanded is made up by this expense and the loss of defendant's business, caused by the plaintiff. I do not see that these items of damage could be stated in greater detail. As to the second counterclaim, the defendant states one instance in which the plaintiff received $500 for articles and notices which appeared in the defendant's publication; and alleges that the defendant believes that there are other similar transactions, the particulars of which he is not able to give. The second counterclaim demands an

accounting by the plaintiff for the money received, and not the recovery of a specific sum. If the defendant is entitled to an accounting, an interlocutory judgment directing such relief will be granted, in which case the plaintiff be compelled to file an account setting forth the amount that he had received on account of the defendant, and no bill of particulars of the items for which the plaintiff would be required to account should be ordered in advance of the trial. The defendant's relief under this counterclaim would depend upon its right to an accounting, and, if such right was not established, that relief would be denied upon the trial. It is quite clear that the particulars ordered would, in substance, require the defendant to abandon these counterclaims; and when the defendant has stated the basis of its alleged cause of action constituting the counterclaim and given such information in regard thereto as is available, certainly no further bill of particulars should be required.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.